2:24-CV-00029-LPR-ERE

Kenneth Mabley
Plaintiff

V

United States,
BOP
Garrett, ET AL
Defendant

VII Attachment     exibit Z

Federal 2024 SEP -9 A 10:07

Tort          Claim          Case # 2:24-CV-00029

Constitutional     violations

(I) Negligence          Claim

A).

Sexual    Misconduct / Sexual Harrassment

1) Fourth Amendmt violation claim

2) First Amendmt violation claim

Plaintiff was strip searched in front of other inmates with The voiced oppinions of BOP staff members, That the Plaintiff was not a Woman but a Man, and that thy didn't give a F**** and forced Plaintiff to strip naked, Bend over and a Visual Cavity Search was done in front of other officers, and inmates. These BOP Staffers Stated, "Thy Wanted to Teach us Transgendas a lesson. This Makes the Search illegal. This goes Beyond Program Statemut, and or Policy. Staff Are Not do Strip Search inmates n front of other inmates. In other Words, Staff Cannot order an inmate to strip naked in front of other inmates or face physical Punishment, and specialy Due to Plaintiffs Gender. This action also violates the Fifth Amendut, Program statemut, Policy, etc.

B).

1) Fifth Amendut violation claim

2) First Amendut violation claim

Plaintiff, was sexually assaulted by another inmate, and BOP employess, Refused to file a PREA claim, and Punished Plaintiff in the SHU (segregated housing Unit) for almost Eight Months, Due to Plaintiffs Gender, as Expressed by BOP workers. BOP Workers also stated That Because Plaintiff filed PREA on staff, for forcing Plaintiff to strip in front of other inmates, Thy Were Not going to Take up any Prea charge or claim between inmate and inmate. Staff Duley Voiced there position about The far Left, and Transgendus, and The Woke Theory. S.I.S. Refesed to interview Plaintiff, The Required Threat

2

Assessment investigation, For almost Eight Months, only because Plaintiff's Prea and had Filed lawsuit. This violates Program statute 5324.12 §115.61(a) quotes 28 C.F.R §115.61, also 28 C.F.R §115.67(a) was violated when "No Seperation From staff perpetrater and inmate victim". This violates PREA and allows for Retaliation, for almost 8 months while in Solitary Confinement. The BOP Staff voiced that because Mobley is a Female they want Nothing to do with Her and that the Plaintiff Needed to Stop acting like a Woman and be a Man, or they will never Take Hi PREA Report, or investigate, or question Witnesses. Plaintiff was told that Staff was protected by the Bureau and Nothing will happen to them, Plaintiff was in Fact discriminated on Due to Plaintiffs Gender.

c)

First Amendment violation claim

Mobley was in fact Retaliated on By staff for filing PREA on SHU Staff. The Perpertrater (staff) were allowed to make Physical Contact, Spit in food, Deny Soap, feed food through Rusty, slot's So that Rust Falls in food, Threats of physical Harm, or Threats to Kill Plaintiff, were allowed. Wardens, Sis, or Lt's and Captains were all aware of the Staff on inmate PREA filed and Stated they were Not going to Seperate us because there is a Staff Shortage and that the Plaintiff will have to be alright, and that "This is what happens When you file Prea" (quote).

Plaintiff's First Amendment was in fact violated as The Courts Recognize that Retaliation for filing PREA or lawsuits, as well as Administration Grievances Violates The inmates First Amendment Rights (see Bridges, 757 F.2d at 1156; See also wright, 793 F.2d at 968).

The Prea Regulations promulgated Pursuant to Federal statute, Specifically provide for Protection against Retaliation See e.g. 28 C.F.R §115.67(a)("The Prison shall establish a Policy to protect all inmates and staff

3

exual Abuse, Sexual Harrassment investigations from Retaliation by another inmate
or staff) id § 115.67(b). It also states, "The Person or Jail Shall employ
multiple protection measures, such as Housing Changes or Transfers for inmate
victims or abusers, Removal of Alleged staff or inmate abusers from contact
with victims, and Emotional support Services for inmates ~~abuses~~ or staff who
fear Retaliation for Reporting Sexual Abuse, or Harrassment or for Cooperating
with investigation. Wardens, Prea Compliance Manager, od staff are
all aware of the Zero tolerance PREA Regulations as they
hang on Walls of Units, Yet staff Deliberatly Chose to violate
Program statement od PREA Regulations od Protections for the Purpose of
Retaliating, Because Plaintiff filed Prea on staff, od Refuse to
Allow Plaintiff to file Prea for the initial Reason he was even
Brought to the SHU, which was a Sexual assault by inmate, then
        Plaintiff was brought to the SHU od forced to Strip in front
of other inmates. Very Horrible experience By th way. Plaintiff
Believes the Retaliation for filing PREH on Staff, was also Not to
Seperate ~~the~~ 3 staff members on th Prea Report. The Same day
Next day, Everyday for Eight Months, th were allowed to
daily Retaliate, Even with Sis, Warden, SIH's Knowledge that
this was happening. Plaintiff Even file grievances to Region
that where Never Returned, Even The Director of BOP Region
Atlantic district, Chose to ignore the Prea Claim on staff
od was aware of the Retaliation, and the failure od Refusal for
Staff to Take Prea claim on inmate that Sexually Assaulted
Plaintiff, od Was aware of the Denial of Treatment, Counseling, etc.
Because Plaintiff wrote over 5 letters, 5 Grievances, all ignored, by Region.
All Grievances filed at the BOP institution where Plaintiff was
        housed where discarded, thrown away, Never Responded,
        This is all Retaliation, od violation of Prea, od Program Statement
5324.12 § 115.61 (a), Program statement 3420.11 - Standard's of Employee
Conduct, 5324.T276 . . . § 115.61(a) § 115.62, § 115.71 (F)(2) (FR

4

inmates Safe, which Ened in injury to the Plaintiff.

If these Federal Standards were not enough to Place defendat on Notice, AR 454 itself Prohibits Retaliation against inmates for Reporting Sexual Abuse. See eg. AR 454 § V(K)(1) (Retaliation in any form for the reporting of, or cooperation with, sexual Abuse or Harassment allegations is strictly Prohibited"); id § V(K)(2). Although Prison Regulations themselves do not Constitute Constitutional law, they certainly "undermine any claim by defendarts that they were unaware of their legal obligations" not to Retaliate. See Al-Amin V. Smith, 511 F.3d 1317, 1334 n. 37 (11th cir 2008). Importantly, this is not a case where Mobley is arguing that there is some obscure, unknown state regulation that prohibits Defendant's Conduct. This case is a Clear Eleventh Circut precedent Prohibiting Retaliation based on filing a grievance, Federal regulations that prohibit retaliation based on a report of Sexual Abuse, and a State regulation forbidding the Same. Moreover State, institutional, and federal Regulations (acution) was specifically promulgated to comply with PREA and PREA-Based National Standards. Given these Judicial Authorities, Statutory Authorities, and Regulatory authorities, the "Salient question" of whether Defendants had fair Warning that their Conduct was Unconstitutional, can only be answered with a Resounding "Yes". See Hope, 536 U.S. at 731 (explaining that in determining whether a Right Was Clearly established, the "Salient question is whether state law gave officers warning of unconstitutional Behavior). It Does. The Power imbalance between incarcerated individuals and Correctional officers is Clear. Recognizing this very dynamic. Congress acknowledge that "Prison Rape often goes Unreported", 34 U.S.C. § 30301(6), Because of the Wide Spread Fear of Retaliation. Plaintiff chose to Speak-out and Was Punished for it. There can be no Clearer, straightforward violation of the First Amendut right to file a grievance free from Retaliation in this case.

5

C

Ⓘⓘ

## United States / BOP Negligence
## Denial of Equal Protection Claim / Failure to Act / Failure to Protect

Ⓐ

1). Plaintiff was Sexually Assaulted by an inmate in October 2023. Nov. 5th Mobley decided to file Prea and Charges on the inmate who Sexually Assaulted Plaintiff. In doing so, Plaintiff was Taken to the SHU, and Forced to Strip Naked for a Visual Cavity Searche. Plaintiff Managed days later to file Prea on Staff illegally strip searching Plaintiff in Front of other Male inmates as Mobley identifies as female. This is a Conflict of interest or violates Title 9. Other inmates Colared at Plaintiff, laughed at Plaintiff along with the 3 prison Gaurds Claiming Plaintiff was a Punk, Faggot, That Plaintiff Needed to be a Man Not a Woman and this Would Not be happening to Mobley. Gaurds continued to discrimminate based on Gender (Fifth Amendment violation ((Davis V. Passman, 442 U.S. 228 (1979)), which involved gender discrimination in violation of Fifth Amendment Due Process rights See Farah V. weyKer, 926 F. 3d 492, 497-98 (8th Cir 2019) citing Bivens, Carlson, and Passman). As a Result Plaintiff was Denied the Right to file Prea on the inmate for the Sexual Assault, which was the initial Reason for Contact with Gaurds, to Report that actually Sexual Assault.

2). The BOP acted Negligently by failing timely to Report and investigate information Regaurding Sexual Abuse.

Officials Knew of Both the Sexual Assault by an inmate on Nov 5th 2023 and Sexual Misconduct By Staff on Nov 5th 2023, Yet only a week later was Mobley allowed to file PRSA off...

6

Lieutenant, Captains, BOP Regional office, and U.S. Courts, Explaining or giving information pertaining to Sexual assault and Sexual Misconduct, Abuse, Retaliation, etc.

3). The Bureau of Prisons (BOP) policy required that it's staff timely report and investigate any information pertaining to Sexual assault or harassment by a BOP official, and the decision to Report and investigate is not. Susceptible to policy analysis, A properly alleged Claim That the BOP Acted Negligently by failing timely to Report and investigate information Regarding Sexual Assault by inmate or BOP official fell Outside of the discretionary-function exception to the Federal Tort Claims Act, 28 U.S.C.S. § 2680(a). BOP had information about an inmate and Employee's Sexually Assaultive, or Sexually Abusive Conduct and Failed to Act on it. Program statement 5324.12 § 115.41(a) quotes 28 C.F.R § 115.41's Requirement that the Bureau of Prisons (BOP) shall require all staff to Report immediately and According to BOP Policy any Knowledge, Suspicion, or information regarding an incident of Sexual Abuse or sexual harassment that occured in a Facility, whether or not it is part of the BOP; Retaliation against inmates or staff who Report Such an incident; and any staff neglect or violation of Responsibilities that may have contributed to an incident or Retaliation. Program Statement was violated By Defendants, and also Program Statement 3420.11, which mandates that the BOP employee's Must as Soon as practicable (But No later than 24 hours) report to their CEO(or other appropriate authority Such as the office of Internal Affairs or the office of the Inspector General), any violation, appearance of a violation, or attempted violation of those Standards or of any law, Rule, or Regulation. This was violated Deliberately due to plaintiff's (Gender and PREA complaint about 3 staff members, as information about staff members sexual misconduct was presented to SHU staff on Nov. 5th 2023 But was Not Reported until Almost a week later, giving Rise

## IV

### Negligent Confinement claim

#### A
#### Safety of inmates

1). The United states and/or BOP have a duty and Responsibility to Provide those whom it incarcerates, with a safe enviornment by enforcing a Policy of a Zero tolerance of Sexual Assault, Sexual Abuse, Sexual Misconduct by BOP officials and in the BOP facilities. The United states and/or BOP failed to enforce it's Zero-tolerance Policy, and failed to timely Report and investigate information Pertaining to Mobley's Sexual Assault by inmate, or Sexual Abuse, or Sexual Misconduct by Staff.

2). The BOP Breached it's Duty, and Plaintiff Does Seek Jurisdictional Discovery from the district court.

## V

### Discretionary – Function Exception

#### A

The FTCA provides an exception to Sovereign immunity Bar on Claims against the United states. Kohl V. United states, 699 F.3d 935,939 (6th Cir 2012). Through the FTCA, Congress Waived immunity for certain tort Claims. id. Accordingly, "The United States shall be liable, Respecting the Provisions of this title relating to Tort Claims, in the Same Manner and to the Same extent as a private individual under like Circumstances, But shall not be liable for interest Prior to Judgment or for Punative damages." 28 U.S.C § 2674.

#### B

Whether The Discretionary-Function Exception Applies to claims of Failure to Report or investigate.

A Plaintiff Can invoke Jurisdiction only if the Complaint is facially outside the exceptions of § 2680. "Caryle V. U.S Dept of the Army, 674 F.2d 554, 556 (6th Cir 1982). Thus, once a Plaintiff meets their Burden and "Successfully invokes Jurisdiction by Pleading that facially alleges Matters not Excepted by § 2680. The Burden

§ 2680." The United States is liable for keeping Mobley safe and protect her from perpetrators Attacks, Retaliation, etc, and has failed, therefore Mobley holds The United States liable Because the BOP failed to enforce it's Zero-tolerance policy, being that it's Personnel Knew or Should have Known of the Attacks on Mobley By perpetrators. Sooner and failed to report and investigate, The inmate (N.K) and Staff (Garner, Wolverton, & unknown Guard in SHU)

The BOP's Conduct was not susceptible to policy Analysis, therefore Plaintiff need not prove the existence of a "Specific and immediate threat, although Plaintiff did any way.

①

Whether the BOP's failure Timely to Report and investigate Sexual Misconduct by BOP officials is Susceptible to Policy Analysis

1). Even if, However, Timely reporting and investigating information Regarding Sexual harassment or Assault in a BOP facility were discretionary, a failure of BOP staff to do so is Not a government action Susceptible to Policy Considerations. There are, of Coarse, No legitimate Reasons "grounded in Social, economic and Political Policy" for failing to timely Report and investigate the Sexual Assault of a person in BOP Custody. Gaubert, 499 U.S. at 323 (quoting Varig Airlines, 467 U.S. at 814); See also Rosebush, 119 F. 3d at 444.

Rather, the type of Considerations that would impact a BOP's official's decision timely to Report and investigate information of Sexual assault would be personal, e.g. a desire to protect one's Co-worker, Retaliation, or Unwillingness to exert the effort to file a Report.

2). Mobley Told Wardens, SHU staff, BOP Regional, and U.S courts about a Sexual Assault by staff and No Report or Action was Taken (until May 23rd 2024, when Mobley Told or gave information abo

9

C

To Sexual Assault by inmate on Nov 5th 2023, Thits over 6 months Later. Plaintiffs Complaint's alleges that duties grounded in BOP Policies that are publicly available, and Program statement, impose mandatory Reporting and investigatory directives, and immediate seperation. BOP officials failed to timely Report and investigate information that (AROKing to) inmate Nat. K. and 3 staff members violated PREA, or to Seperate, causy over 7 months of retaliation by staff including the Refisal to Report the Sexual Assault by inmate to the Plaintiff, causy injory. And No Seperation between BOP staff was ever done at All.

~~Conclusion of claim~~

## VI
### Eighth Amendmnt Claim

1). Mobley was denied pSychological Counseling or Emotional Treatmnt. Mobley fell from Top Bunk after Recieving ~~Oxyto~~ New pSych medicine after months and Months of skg for help, and Medicine Caused Mobley to fall from Top Bunk, 5 feet to Concrete and was denied an X ray or MRI or any visit to a doctor. Staff only look at Back through a window and gave Tylonol. Months later Mobley's Back is still in Pain and has Suffered a great deal. Due to The cruel and UnUsual Punishmnt given by Medical Staff Due to Mobley filing Prea on Co-Workers. Mobley has or is Believed to have Sustained a Permient injury or irreparable Harm, as a Result of the BOP's failure to Treat Plaintiff, (Carlson V. Green, 446 U.S. 14 (1980), Violating Mobley's Eighth Amendmnt Rights, and Retaliation violating Program statemnt 3420.11 Standards of Employee Conduct § 115.61 (a), Program Statemnt and 5324.12, and 34 U.S.C.S. § 30302(1)-(2) Prison Rape Elimination Act of 2003, Retaliation by BOP

VO

2). Plaintiff would be denied od Not Provided with her Heart medicate for 3,34 weeks at a Time. Mobley was Constantly Told it was because of No staff (Pharmasist) od other times she would be told to stop acting like a girl. Mobley Never was Allowed to be Seen by any Docter for his permanent Back Injury. forestcity Dues not Allow ladders on the Bunk Beds in the SHU. falling out of the Bed cd Not Being able to properly get in or out of the Top Bunk is their Aim od Purpose to Cause injury on Concrete floor od Metal, od Call it a Punishment. This is Unconstitutional Punishment as it has Caused Injury to Knees, Jegs, Back, Kneck, feet, etc. Inmates are told "We Shouldn't be in the SHU od We Wouldn't have to worry". Also There is No chair, Stool, or Table, inmates are forced to Eat on dirty floors. Staff do Not Clean Cells even with Urine od pheseas or "Poo" all on Walls, Staff Refuse to clean it, or have an Orderly (Trustee) Instead Clean it, Instead No one Can Clean it, od They force inmates to live inside the Unhealthy dangerous Cells, Contracting Rashes, Staff infections, etc. No Gloves, Bleach, or Effective Cleaning Supplies are ever given to prisoners to Clean, as part of a punishment Experienced by the Plaintiff.

C



Injuries Sustained

1). As a Result of The Humiliation of the BOP Refusing to Timely Report and Investigate PREA Concerning inmates on inmate, and staff on inmate, and the Torture and Humiliation, and Emotional Damages of Being forced to Relive Retaliation Every day from Nov 8th 2023 - June 6th 2024 Mobley Now has been diagnosed with Deep Depression and has been prescribed medicine She will have to Take for the Rest of her life, along with Counseling and Treatment, she must Pay for, for the entirety of her Remaining life. Mobley has also be diagnosed with Severe Anxiety disfunction and also must Take Medicine for this Too, and go to Treatment, Counseling for the Remainder of her life. Mobley also has Severe Emotional, and Mental Damage Due to Claims listed within this Complaint. and Plaintiff must live with this Emotional and Mental Damage for the Rest of her life. The Pain, The Nightmares, Sadness, Suicidal thoughts, and shame.. for her entire life

2). Therefore Mobley Will need Finiance to Pay for these injurres, for Medicine, Treatment, Counseling, and Therapy for The Rest of her life, and Requires Finiance in the Amout of $10 million US Dollars, as Mobley May Not be able to work and provide for herself and $8 million in Damages, another $2 million for Pain & Suffering.

Or an amount the Court Finds Satisfactory, in conjuction with Plaintiff.

VIII

(Plaintiff Request an Attorney if Need be),

12

Plaintiff is made to Shower, With Men, While HeR Breast are exposed, as Showers at FCI forrest city have a Shower door that only come to the Waist. Exposing all upper body Parts to all that wanna see, Plaintiff is Told she is a Man, But The BOP's Sentry Data Says she Es a Woman and This discrimination has Resulted in lot's of Pain and Suffering for years. Starting at Memphis FCI, where Mobley Actually was Sexually Assaulted by a LGBTQ+ Staff Member and Was Never Seperated, and the Same Claims of violations of PREH, occured there also.

Plaintiff has been made to Roomate with opposite Gender, forcing Plaintiff to use Bathroom, Change Clothes, in front of opposite Gender.

B). In the SHU, Clothing Exchange is once a week and Requires the Plaintiff (who is already forced to Roomate with opposite Gender), To Strip down all Clothes at the cell door in front of Male and Female Board on the Roomate, or No New or Clean Clothing will be Provided, Weekly for 8 months almost. This too Cause Injury Mental, Emotional, Psychological injuries. The United States fails to protect the Plaintiff, Exposes and Exploits the Plaintiff and has Duley Discriminated against Transgenders Such as the Plaintiff without a doubt or Contradiction. Plaintiff Was also denied a Bra in the SHU by Staff as a punishment, or Panties, or any female Needed products as a punishment, All for being a female in a Male Prison, Everything listed Above is done out of Discrimination, for being a female in a Male Prison,

13

C    As a form of Punishment, The United States, BoP, Refuse to house Plaintiff With her own Gendering ~~offenders~~. Although in Law it's Required, This Brings us to a <u>Violation of The Eighth Amendments</u> <u>Cruel and UnUsual Punishment</u> and a <u>Due Process Violations of the 5th and 14th Amendments</u>

The United States, Dept of Justice, BoP has Been Negligent and it has Caused Injuries To the Plaintiff. ~~Bruises, swelling etc~~ have all Caused Physical and Non-Physical injuries and have Ultimately been Negligent just as the United States has on Keeping Plaintiff Safe, and Guaranteed protection of Constitutional Rights, Human Rights, Which have Seriously been Violated.

## (IX)

### Conclusion

A). 1) Plaintiff Assert Boxer X V Harris, 437 F.3d 1107, 1112 (11th Cir 2006), abrogated in Part on other Grounds by Wikins V. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 175 L. Ed. 2d 995 (2010) (Per Curiam) (Holding That Plaintiff's claim "That he was Punished for Complaining through the Established grievance system about his treatment by a Prison Guard" was ~~enough~~ Sufficient to state a First Amendment Retaliation Claim).

2) The Law is Clear that Public officials are Not entitled to qualified "immunity" when they exercise Power irresponsibly," Even when engaged in a Discretionary Function. Pearson V. callahan. 555 U.S. 223

14

231, 129 S.Ct. 808, 172 L.Ed. 2d 565 (2009). Defendants as Prison officials, enjoy some discretion when deciding to punish inmates, but that punishment cannot be in response to an incarcerated person complaining about his or her prison conditions, especially given the heightened protections that PREA guarantee's. Defendants Acts were Retaliatory in Nature.

3) The BOP/United states also Acted Negligently by failing timely to report and investigate information regarding sexual assult, including But Not limited to "Seperation", as officials Knew about information and failed to Act on it causing injury to the Plaintiff

B).) The United states failed to Protect By violating it's own Laws, U.S.C.S § 30302(a), Requiring (PREA) The United states Attorney General to Publish a final rule adopting National standards for detection, Prevention, Reduction and Punishment of Prison Rape. 34 U.S.C.S. § 30307(a)(1). Accordingly, Federal Regulations Required that an Agency shall have a written Policy mandating Zero tolerance toward all forms of Sexual abuse and Sexual Harassment and Outlining the Agency's approach to Preventing, Detecting, and Responding to such conduct. 28 C.F.R § 115.11(a), Yet To Send a female to a Male Prison Deliberatly Violates All of Those Laws, Denying Equal Protection, Promotes Sexual Abuse, Sexual Assaults, and Sexual Harrassment, By inmates and Staff, which is very Negligant, Cruel and UnUsual Punishment, Discrimination based on Gender, And Thats Just what the United states, DoJ, BOP Did To the Plaintiff, Anyone who has a sound mind would

15

C.  Realize Sending and Forcing a Female to live, Be housed with, be forced to Roomate with, shower with, use Bathroom with, Change clothes with, strip Naked for visual Cavity search with males opposite of Plaintiffs Gender, is a Deliberate Cruel and UnUsual Punishmnt, it also violates mandatory Federal Regulations and Policies, as well as Laws, that Allow no judgement orchoice; Yet the United States made a Choice and Sent the Plaintiff to her Doom. The United states BOP housed or Excessively Forced Plaintiff To be housed with her opposite Gender, Deliberately Not Preventing Sexual Abuse, as it is a possible incident that Could happen, and did Happen, and it Was very Negligient, and a Breach of The United States BOP duty, to keep Plaintiff safe. The United States is Liable under FTCA. The United States Failed to Keep Plaintiff Safe, But forced Plaintiff into an obvious Unsafe Place, her being a Female forced to live with males, The BOP Failed to enforce and The United States Failed to enforce it's Zero-tolerance Policy, Because its Personnel Knew or should have Known that Housing Females with males would lead to an Sexual Contact, Sexual Abuse, etc This was Known Before any Females where ever Sent to any Male Prisons, Forced to live, sleep, Use Bathroom, Change clothes, in Front of opposite Gender, Yet personnel Never Reported, or investigated it, or stopped it, or Prevent it, Violating The United states, BOP's own 34 U.S.C § 30307(a)(1), Prea implementing Regulations, 28 C.F.R § 115,11(a), Program Statement 5,324,12,

C.  Dectritren >. Deprivl C nd Ammdmnt Cruel nd UnUsual Punishmnt,

16

2) These are specific and immediate threats that actually were ignored Resulting in injury, Done by the Defendants. The Policy of The BOP Requires Prison officials to Provide for the Safe Keeping and Protection of inmates" Montez, 355 F.3d at 398 (emphasis added). The United States, BOP Failed and Violated 18 U.S.C § 4042(a)'s General Goal of Keeping inmates Safe. Even if these issues before the honorable Court Relied on Discretionary Conduct, This type of Judgment is Not what the discretionary Function Exception was designed to shield Sexely The Plaintiff to a Prison with the opposite Gender, or Purposely Not housing Plaintiff with Transgenders, or Females, violates The Prison Rape Elimination Act of 2003 (PREA), which Congress enacted in Part to establish a Zero-tolerance Standard for the incidence of Prison Rape in Prisons in the United States and make the Prevention of Prison Rape a Top Priority in each Prison System. 34 U.S.C.S. § 30302(1)-(2). PREA Sought to increase the accountability of prison officials who fail to detect, Prevent, reduce, and Punish Prison Rape.

3) The United States failed to Prevent Sexual Abuse to the Plaintiff and The United States was Negligent in Keeping Plaintiff Safe. BOP officials Violated PREA, in more than one Way; Retaliated on the Plaintiff's for Eight months + while Punishing her in the SHU for Eight months, No phone, No contact visits, No envelopes, few Stamps, No Grievances Returned, No "out of cell 5 hours a week as Directed By Program statement, only Plaintiff was let out of cell 2-3 Times a month. Negligently Causing more damages and injuries,

17

Also Mobley's Property, including Clothing from 2022 till Present day, Radio's, MP's, Food, letters, Pictures of Deceased Friends and immediate family Members where Diliberately Thrown away as far of Retaliation and Told to File a Tort Claim because The Warden, Lt, + staff claim thy don't Cover. Mobley had Priceless Sentimental Pictures and lytters that Connot be Replaced Causing further Pain, and Suffering.

3. BOP Policy States No inmate shall be housed in the SHU over 6 months, Yet out of Discrimination of Mobley's Gender, and Retaliation for PREA on Staff, The Wardens, and staff Deliberatly ~~held~~ and illegally held Mobley in the SHU Passed 6 months and Actually Past 7 months and A lot of days. This is an Unconstitutional Punishmt, Due Process violation, Cruel and UnUsual Punishmt, violation of Law, Violation of BOP Policy statemnt, Program statemnt violation, Human Rights Violation, ad Civil Rights violation, as the defendents are Tort Feasers. Again No Phone calls to family, or Attorney Calls as Plaintiff has Requested Attorny calls ad was denied. No Access to Ducter for Back Injury, No Exercise, No liberty, all in Retaliation for filg Prea. This was Purposely done and Deliberately done to Add further Injury, It again was voiced by Staff that Thy didn't Care abert violating Civil Rights Because the Bureau wurid have them back even if thy Killed the Plaintiffs Thy Explained that there wauld be Nro Autorsy and no Parent would be told I dird of

18

Cardiac arrest, are they would simply be Promoted or Transfered to another Prison to work. This Type of Retaliation violates The First Amendment as (1) "she was engaged in Constitutional Protected Activity"; (2) the defendant's Actions Caused her "to Suffer an injury that would chill a Person of ordinary firmness from Continuing to engage in that Activity"; and (3) "the defendants adverse action was Substantially Motivated as a Response to her exercise of Constitutionally protected Conduct." Shero V. City of Grove, 510 F. 3d 1196, 1203 (10th cir 2007). Had Plaintiff Not filed PREA on staff, this would have Never happened, And if Plaintiff was a man it wouldn't happen

D). i). Futhermore Wolvertine (one of the perpertrators PREA was filed on), along with his Best friend and Co-worker, Came to Plaintiffs door, and stated They were gonna give me a Real Reason to file Prea, and To "Cuff up". Mobley asked why. The shu Staff Partners Explained that they were gonna Put their hands on her and Treat her Like a B✗#✗✗, Since she filed Prea Like a B✗✗✗✗, They were gonna Treat her like a B✗#✗✗✗, Plaintiff asked for a Leutinant and Persisted on yelling for help. Eventually Couffey and Wolvertine left But filed an Unconstitutional, Retaliative disciplinary

19

Report, for Refusing to Allow them to hard cuff
Her and Assault Her for Filing Prea on them.
This was illegal and Caused Further injury.
Punishment Cannot be excercised for an illegal
purpose or through illegal means, Because National standards
Prohibits the very Conduct in which the defendants engaged
in as a Response to Plaintiffs PREA Filing on steff.
The Cascading Consequences' for Mobley all derived from her
Speaking out against Sexual Assault. Mobley was
Denied a Copy of the disciplinary innocdent Report, and
Also denied an Appeal. Providg' No Due Process Protection
for Mobley,

e). The United States, DOJ, BOP, has been and
is aware of the Ramped illegal actions, Drug Smuggling,
Phone Smuggling, of Sexual Abuse in BOP facilities,
The BOP has in fact failed to Protect Mobley and Other
inmates as the BOP has failed to adequately implement
critical legislation to improve the Conditions of Transgender
People in Prison, and the BOP has Yet to Act. This has
Cause injury to the Plaintiff, Because if the BOP/United states
had Acted, The Brutal Claims of the Plaintiff Never
may have happened at All.

2). Plaintiff would ask for injuctive Relief
that an Order of Release from Prison, or Compassionate Release
Recommendation, in Addition to the other Monetary
Amounts Disclosed in this Complaint.

F).

FCI Memphis

Fifth Amendment and First Amendment

Violations causing

injury

around Oct. 2022, Mobley was Sexually Assaulted by Ewing (A BOP Staff Member), Causing a physical injury. again, No Seperation was Ever ordered or performed as Required by Program Statement, and **8** months of Physical Abuse, Mental Abuse, Emotional Damage happened to Plaintiff as Prea was filed over 24 hours later, and No Seperation was done, or Transfer for almost 7 months. Then Mobley was Transfered to a partner facility less than an hour away, where further Harrasment, by friends and Co-Workers of Ewing and Warden at FCI memphis, Continued. This To Caused injury and violates PREA and Program Statement.

Due to the Many, Many Program Statement violations by BOP, The failure to Protect, and other Reasons Stated in this Complaint, This Tort Claim Should be founded, Accepted, Garanteed, and Satisfied.

Respectfully Submitted

Certificate of Service

This Certifies the forgoing document was sent to the clerk of the Court By way of U.S. mail Service on ___ day of ___ 2024

NAME _Kenneth Mabley_
REG. NO. _32493509_ QTR. _____
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 4000
MANCHESTER, KY 40962-4000

*Legal*

United States District Court
600 West Capitol Ave
        Suite A-149
   Little Rock AR 72201 *Legal*

POSTAGE DUE

FREEDOM    FREEDOM

2:24-cv-00029-LPR-ERE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 09 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

<u>Brief in Support</u>
<u>of</u>
<u>Complaint</u>

( <u>FCI</u> <u>Memphis 2022</u> )

On or Around October 15th 2022 Mobley Was Taken to the SHU, for non-disciplinary Reasons, Mobley was strip Searched & Sent to cell with a Male (opposite Gender of Mobley), Mobley reported to the SHU, due to Not being able to be housed with that of her own Gender on Constant Sexual Harrasment, on Sexual Advances, and threats by other inmates. While in SHU.

Ewin and Avant decided to Strip Search Mobley a Second time, Commanding Mobley to bend over on "Shake like a Stripper" Said Ewin. Soon after that Remark, Mobley Was told to bend over at the waist on Shake harder like a stripper by Ewin and Avant. Mobley was Not Allowed her Clothes Back until she obeyed the Commands of the BOP Workers. Soon after Ewin Grabbed Mobley's Buttocks and Squeezed on Turned it Smacked Hurting Mobley. Days later Mobley filed Prea, and No Seperation happend, Mobley was threatad by Ewin daily, Ewin Would Refuse feed to Mobley, Clothing, Soap, Time outside Cell (Recreation time). Ewin made daily threats on Mobley's life. Then Ewin Came to Mobley's Cell alone, on Told Mobley to "Cuff up" and open Mobley's Cell by himself alone (as Camera footage will show) and forced Mobley to Travel downstairs to a Punishment cell, designed for inmates that do Sexually provocative things to Gaurds. Mold covered the walls, beds, on Two Soft Ball Size holes in the wall.

2

Allowing Rain, water, snow, etc. Mobley became sick, also
The Unconstitutional imprisonment Conditions in the
Cell was unspeakable, (See Exibit #). From unclean
water, No Heat in Winter, ad Constant attacks for over
6-7 months with No PREA Regulations inforced caused
Massive injuries to Mobley. After almost 7 months of
Pure torture, Mobley was finally Transfered to Forrest city,
(less than an hour away). The Same workers Alternate
From Memphis FCI, to Forrest city FCI, ad further Harrasmant
followed. Just like at Memphis FCI, Again, Mobley was
forced to live in Units with opposite Gender. Sleeping, Changing
Clothes, Shower, Using Bathroom with opposite Gender. This was
Extremely Humiliating ad injured Mobley. Living Under Constant Fear
of Being Raped, Sexually Assaulted, ad Sexually Abused Everyday
Due to being housed with opposite Gender violating Title 9, ad
No Title 9 Protection or Rights.        (FCI Forrest city) —

        — Around October an inmate Named N.K, invited
Mobley in his Room to Talk, But instead pulled her pants down
ad Tried to force himself inside of Plaintiff. N.K almost got
inside of Plaintiff, But Plaintiff fought him off of her, Pulled
her pants up ar got out of the Room. Mobley Cried, Became
very afraid. A Sister friend gave Plaintiff a Knife to protect herself
but eventually Mobley Turned the Knife into in to a gaurd
who in Returnd Called a Lt, who Took Mobley to the S.H.U.
Mobley Told S.HU Staff he was Sexually Assaulted ad Needed to
file prea. SHU staff Made horrible comments, Calling her a
Fake woman, a B-XXXX, etc, ad Told Plaintiff to Take off all her
Clothes in front of other inmates, oppisite Gender of Mobley.
Mobley Pleaded to Please use a Curtain, But the 3 Gaurds
Wolvertire, Garner, ad One Unknown Gaurd Told her they
didn't have No F-XXX's ad if she didn't Take her dXXXX Clothes

3

iff, thy Would do it by force. Thy Made Comments Such as "Your Not a Woman", "Your a man" You Need to Act like a Man", "We gonna Teach you a lesson", etc. Mobley had No choice but and complied to avoid a ~~second~~ third Sexual Assault. Mobley Requested to file Prea for the Sexual Assault that happened in the dorm, and Now for the Sexual Abuse the Guards had Put Plaintiff through, But was not allowed for almost a Week. Once Mobley Seen Dr. Owens, she actually Pulled Plaintiff from his cell and Took information about the Guards Sexual Misconduct and filed an Actual Prea, But Not the inmate yet. Mobley was told Sis Would take He Report During there investigation, Dispite Telling Information to Dr. Yardborough, She explained Sis would take the Report and investigate. Not only did No Seperation from the Staff Named in the PREA Happen, But Mobley was Retaliated on daily, afraid, feared for her life everyday. Mobley Told the Wardens, Yet the Warden Made Jokes about the Staff PREA and He Sexual Assault by inmate, and Refused to Seperate, or Transfer Mobley or the Gaurds, Claiming "thy don't have enough Staff". Mobley waited and Waited on Sis so that he could officially file Prea on the inmate that Sexually Assaulted the Plaintiff. Yet Mobley filed Grrievances about th Sexual Assault, wrote letters to Warden Garrett and Warden Edge, Mr. Walton, ~~LLOYD~~ (Sis), and Captain Bledsoe, all Laughed, Made Retaliitative comments and Refised to do anything at all because Plaintiff file Prea on Staff. For almost 8 months Mobley was Retaliated on, and Denied the Right to file Prea For the Sexual Assault done by inmate for almost 8 months Dispite the many letters Explain the Sexual Assault by inmate, that Plaintiff Sent to Staff (wardens, Captain Bledsoe, Lt Mars), that the Plaintiff sent to Heriberto (Regional Director) and the

4.

Many BP9's BP8's that were ignored, Never Returned, Thrown Away, discarded by BOP Personnel, all for filing PREA on SHU Staff. Warden Garrett Stated She would be punished for the Prea, Serve 6. month + in the SHU. When in Actuality it was almost 8 months which also violate Program Statement Concerning the Legal time an inmate Can sit in the SHU, Especially for Non-disciplinary Reasons, But more importantly Retaliation. Rampant Retaliation occured from Spitting in feed, Feeding through Rusty Slots with Rust falling in feed. Not Being allowed out of cell but only 2-3 times a month for an hour. Numerous Constitutional, or Program Statement, and Policy, and Rules being violated.

The Humiliation of Stripping Naked once a week in front of opposite Gender inmates and Guards to get clean clothing, using the Bathroom in front of opposite Gender, Unclothing in and out of Shower in front of opposite Gender Should be a Crime. Refusing to file a Prea for an Assault on Plaintiff by an inmate that was very Sexual and Contact of Private Parts, for almost 8 months after Warden found out Plaintiff was filing Suit. After Plaintiff filed Suit, all of a Sudden Sis comes to interview Plaintiff and file the PREA, some 7½ months later.

The United States failed to Protect. failed to prevent, or failed to Act on Sexual Abuse information for almost 8 months. The United States Allowed its Personnel (Dispite knowing of PREA claim against staff) to Retaliate.

The BOP's Policy required that it's staff timely Report and investigate any information pertaining to Sexual Assault or harrassment or Abuse for sexual Misconduct by a BOP official, and the decision to report and investigate was not susceptible to Policy analysis, and the BOP Acted Negligently 3 times, by failing to "Seperate", and timely Report

5

od investigate information reguarding Sexual Assault, Sexual misconduct, ad Sexual Abuse by BOP officials.

BOP officials had information of employee Sexual Misconduct, od inmats sexual assault od failed to act on it From Nov 5th 2023, until ~~May~~ ~~May 30~~ 2024. No Seperation between staff od inmate was ever done. only inmate Report of PREA was Taken may 30 2024, or So. The Plaintiff thought. On May 23 2024 S.I.S. Agent McDaniel actually Pulled Plaintiff from his cell od Conducted the long awaited interviewed investigation, were Mobley Told of Both PREA incidents, Yet No Actual P.R.E.A or Action was Filed until Mobley Was Pulled again on May 30th 2024 od Further asked the same Questions od in which She gave the same Responses, Subsequently, then od only then Was Nathaniel Keyes (perpertrator) Pulled by Sis od Placed in the SHU. Dispite Mobley's Sexual Assault information Bei told to Warden Edge the PREA Manger on ~~Nov 20~~ Nov, Dec, Jan, Feb she failed to Act on Either issue. However Mobley also Alerted Region, od filed Several Affidavits into court in Little Rock (in Kenneth Mobley V. Garrett Et Al.) So Many U.S Employee's knew of the Sexual Assault Information, od the Sexual Misconduct issues. yet failed to Act (timely), while Attempting to force the Plaintiff o the Unit in which she was Sexually Assaulted od Nearly Penatrated, Plaintiff was given 5 disciplinary Incident Reports for Refusing Guards od Warden to go back to the compound Where the Sexual threat Remained, until May 30th 2024 When Sis Lt. Marrs Removed him od Placed him (the perpertrator) in the SHU while completing a Extemly late Prea Process,

cont—

6

C.    As a Result of th 5 Incident Reports, the Plaintiffs Custody Score went up, Plaintiff was Restricted for his entire time in the SHU from Commissary, Visits, Tru-links, Phone. Mobley was also given a I/R at Memphs FCI in 2022 due to Retaliation for the Sexual Assault by Staff and Filing PREA and Bivens complants. Mobley should have zero inncident Reports. For Reasons listed above, Plaintiff Request The BOP, United States, and an Director of the Region or Central BOP to Remove Such Retalitory Inncident Reports. Being Forced to Stand beside a Naked Man in the SHU, while he is Naked on the Toilet is Unacceptable Especially when the Plaintiff is a different Gender and being Retaliated on by a Co-worker. Mobley should be Clear of All and Any Inncident Reports & should Reflect a Clear conduct, lowering his Custody Points. Mobley's Claims, echoes that of Countless others in the American criminal legal System. ~~Sexual~~

Sexual Abuse, Assault, Harassment, & Misconduct in prison has long terrorized those under Correctional Control. Inded it's been called "America's most open secret." See Chandra Bozelko, Why We Let Prison Rape go on, N.Y. Times (April 17, 2015), https://perma.cc/Dx25-57N ("According to the Bureau of Justice Statistics, around 80,000 Women and men a year are sexually abused in American Correctional facilities. That number is almost Certainly Subject to underreporting, through Shame or a victim's fear of Retaliation").

7

To Tackle the Issue of Rampant Sexual Abuse in jails and prisons, Congress enacted PREA in 2003. See 34 U.S.C. §§ 30301-30309. Congress found that "Members of the Public and government officials were largely Unaware of the epidemic Character of prison Rape and the day-to-day horror experienced by victimized inmates, 34 U.S.C. § 30301 (12). It also found that, by Conservative estimates, "at least 13 percent of the inmates in the United States had been Sexually assaulted in prison," id § 30301(2), and that "prison Rape often went Unreported." With "inmate Victims often Recieving inadequate treatment for the Severe Physical and psychological effects of Sexual assault — if they recieved treatment at all," id § 30301(6). At the Same Time it enacted PREA, Congress found that "the total Number of inmates who had been Sexually Assaulted in the Past 20 years likely exceeds well over 1,000,000," id § 30301(2). PREA's Purpose was to establish a "Zero-tolerance standard for the incidence of Prison Rape" in the United States, id § 30302(1), and "to develop and implement National standards for the detection, Prevention, Reduction, and Punishment of Prison Rape," id § 30302(3). Rape, as defined by PREA and relevant here, includes "the Sexual fondling of a person forcibly or against that person's Will," id § 30309(9)(A). To help accomplish the statute's goal Prea Mandated the issuance of National Standards including guidance on how to address Sexual Acts by Prison Staff Members against People Under their Correctional Control. See id § 30306 (a), (d); 28 C.F.R. §§ 115.5-115.5. Unfortunatly it Took the United States Dept of Justice almost 10 years to issue those National standards, See 28 C.F.R. §§ 115.5-115.501. The Standards expand on the definitions of RApe in PREA and Specifically define Terms. The Standards also identify Ways prisons Can respond

Cont

To and investigate allegations of sexual abuse by guards or other inmates against incarcerated individuals, and they also outline procedures prisons Must follow to protect individuals from retaliation when reporting abuse. See generally id §§ 115.5-115.501; 28 C.F.R. §§ 115.5(a), 115.67. Despite these guidelines, incidents of sexual Abuse in our nation's Jails and Prisons are likely much higher than what is reported given that less than half of the victims of sexual Abuse report the Abuse themselves. See, e.g., U.S. Dep't of Just., Bureau of Just. Stat., Substantiated Incidents of Sexual Victimization Reported by Adult Correctional Authorities, 2016-2018 10 (Jan. 2023), https://perma.cc/2MEV-JZW6 (Noting that more than half of the incidents of staff-on-inmate sexual violence nationwide were reported by someone other than the victim).

The Underreporting is likely even more prevalent among Men. See Colette Marcellin & Evelyn F. McCoy, URB. Inst., Preventing and Addressing Sexual Violence in Correctional Facilities: Research on Prison Rape Elimination Act 10 (2021), https://perma.cc/9QYZ-L953.

Every single detention Facility in the United States is Required to Comply with these Standards; otherwise they Risk losing Certain Federal Funding. See 34 U.S.U § 30306(e)(2).

See Letter from Jocelyn Samuels, Acting Assistant Att'y Gen., U.S. Dept of Justice., to Robert Bentley, Governor, state (Jan. 17, 2014) https://perma.cc/VE3D-29LB). Because of the United States and Because The Bureau of Prisons (BOP) Policy required that it's staff to timely Report and investigate any information pertaining to Sexual assault, Misconduct, or Harrassment by an inmate and BOP officials, and the decision to report and investigate was not susceptible to

9

C

to Policy analysis, a Properly alleged claim that the BOP Acted Negligently by failing timely to Report and investigate information regarding Sexual Assault by inmate, od Sexual Harrassment, od or Sexual misconduct By BOP officials, Fell outside of the discretionary-function exception to the Federal Tort Claims Act, 28 U.S. C.S. § 2680(a), od Plaintiff has stated a claim upon which Relief Can be granted, as he has Sufficiently alleged that a BOP official(s) did have information about a inmate, od employee's Sexually assaultive conduct, Sexual misconduct, Sexual Harrassment, Sexual Assault, od Retaliation, od failed to Act on it before May 30 th 2024. ~~~~~ (Pertaining to inmate's sexual assault, but Never separted staff perp.) But there's more. The Smooth Program (BOP SHU Program) was discontinued due to the Serious Mental od Physical damages to inmates as a Result of Being in Solitary Confinement For long Periods of time. However, inmates were allowed out of there cell for one hour Per day, od Yet the Program Statement Requires this one hour a day out of cell, But Still Results in injury to the inmates. For this Reason, od Others Not listed herein, the Program was shut down od other Provisions to Program Statement Policy of the BOP Pertaining to Max time an inmate can be in the SHU. However Forrest city Admin., od SHU Staff disRegarded Program Statement Requiring 5 hours a week outside of Cell od Subsequently out of Retaliation, Mobley was let out of his cell at Best 3 times a month. Some Months Mobley Was not let out of his cell

10

at all, From Nov 5th 2023. thru the month of June, Not only violating Program statement Regarding inmates Coming out of cell an hour a day, or 5 hours per week, But also Program statement Pertaining to how long an inmate Can be housed in the SHU. Mobley has Suffered Sever deep Depression and Serious Anxiety as well as Daily Suicidal thoughts and Attempts Due to All that is listed herein. Mobley has been diagnosed and Medication has been Prescribed to him Due to the injuries she has Suffered Due to issue's listed in the Complaint and Brief. However, Mobley's Body and Mainly Back injury is a Painful experience every day. and it's Cause is listed here-in the Brief, and original Complaint. the Camara footage will Substantiate.

Camara's will show on Nov, Every Wednsday Mobley Continously Told Wardens, and Executive staff, including Unit Mngr Walden, and Captian Bledsoe, Edge, and CEO Coarrett of the Sexual Assault by inmate and Sexual Miscoduct, illegal Strip Search, violations of Title 9 and BOP Program Statement Procedures, Yet All failed to Act. In December 2023, every Wednsday (Walk-thru-days for executive staff), Mobley Tried and Tried, Pleaded and Pleaded, But instead of Seperation, Mobley was laughed at and Ordered to Return to the dorm in which he was Sexually Assaulted

11

and be housed with the Perpetrators. Not only did executive Staff Know of information Pertaining to this Sexual Assault, But Modley wrote BOP Reginal office several Grievances per letters starting in February 2024 - through May 2024, yet even the Executive Staff at the Atlantic Regional office (Heriberto Tellez) was ignored and Even they failed to Act. Mobley filed a Bivens Complaint form into Federal Court in Little Rock AR, and in several Affidavits, Mobley Alerted the United States Since Feb, of the Sexual Assault, by inmate and Sexual misconduct by Staff and the failure to Act and the Retaliation yet No Action Was taken by The AUSA (who Recieved a copy) or any U.S. employee's. The United states Did in fact fail to Keep Mobley Safe, Dispite Knowing information The United states BOP failed to Act, Causing life long injury for the Plaintiff

Plaintiff Would however be willing to Talk to someone about Relief outside of the Court, which Would save Tax Payers dollars, as it is actually the Tax Payers Money, that Runs the Courts, and if the Court would Rule in favor of the Plaintiff, it would be the Tax Payers Money. The Plaintiff would like to Not Waist any Tax payers money and settle out of Court, But fears this is impossible. Therefore

12

Due to the Constant Disregard, and ignoring of the Plaintiffs Grievances, Complaints, Filings, etc, Mobley's only Course for Relief, is Through the United States District Court.

It appears the Plaintiff has been Denied Equal Protection as a Transgender inmate and Citizen of the United States of America, This violates Contemporary standards of decency.

The Corruption in the BOP goes pretty deep, as Even Sex abuse such as that at FCI Dublin, for which the Warden was Convicted, is happening, Says D.O.J inspector General Michael Horowitz. Months and Months ago, he said "Clusters of allegations against Correctional officers and other staff are more Common, Even in 2022-23, an Appeal reported that the Sexual abuse at FCI Tallahassee, which has escaped serious scrutiny, "has been described in" more than a dozen Civil and Criminal Cases filed against FCI Tallahassee Staffers over the Past decade, which contained disturbing allegations Consistant with inmate Accounts. Sources Provided Nearly Uniform discriptions of the Climate at the Prison, often sharing Painful details about the experiences of fellow prisoners "Sexual abuse there has been Rampant" the online Newsletter Reported. Wardens Refuse to Report lots of things to hire-ups. Blaming things on Short-staff, However Coretta Goodwin,

13

The GAO manager supervising Justice issues, Noted that despite a hiring initiative, announced over two years ago, that the BOP still has more than 5000 Vacancies of Staff Authority of 40,000. "Staffing Problems Stem from the BOP's general shortfalls in Planning, Programming, and Program assessment Capacity FNN said.

Meanwhile, in Alabama, a Federal grand Jury last week indicted Former BOP C/O Robert D Smith with two Counts of Sexually abusing (Rape) two females inmates at the FCI Aliceville in 2018-2019

The Senate Permanent Committee on Investigation found that BOP employee's had abused female Prisoners in at least 19 of the 29 Federal facilities, over the Past decade. This doesn't even Reflect men, Transgenders, or other LGBTQIS+ individuals. In June 2021, The Dept of Justice revealed that as of 2018, inmates Reported 27,826 allegations of Sexual victimization, a 13% increase from 2015. 90% of the allegations were Staff-on-inmate Sexual Abuse. The BOP however, has over 15,000+ internal Affair misconduct Allegations, that haven't even been investigated.

Dept. of Justice's Lisa Monaco said last fall that male/female Prisoners who Suffered Sexual Abuse at the hands of BOP employee's would be Recommended

14

For Compassionate Release, Due to there treatment. There has been a Steady Stream of BOP employee's being Convicted of everything from cellphone Smuggling to Covid Fraud. In July 2022, two more BOP C/o's agreed to Plead Guilty to Sexual Abuse at FCI Dublin and then lying about it. Although The Dept. of Justice Inspector General issued a Scathing Report of BOP mismanagement and Maladministration that lead to the Suicide of high-value Celebrity prisoner Jeffrey Epstein, the attempted Suicide of many others, and Even the Murder of Former U.S. Gymnastics Doctor Whitey Bulger.

The Government Accounting office added the BOP to it's "High Risk" list of government operations with Vulnerabilities of Fraud, Waste, Abuse, mismanagement, ad in need of transformation.

Dispite The United States, BOP, DoJ fully aware of the Need For Transformation, Reform, of the BOP facilities, ad Training, as well as oversight, or Monitoring of staff, Chose to Not Act. Even with Recorded information Pertaining to PREA, Retaliation, etc, The BOP/United States failed to Act to Keep inmates Safe, ad failed to Protect Members of The LGBTQ2S+ Community. Had the United States Acted, and Created Oversight, Proper management, Proper Training (failure to Train theory), ad had Created a Safer Protected environment, Mobley Would Not have Suffered

15

The injuries he suffered Due to United States BOP's failure to Act on information it had, before Nov 5th, 2023, and before June 2024

Stephen Sady, Chief Deputy Federal Public Defender in Oregon, recently wrote in the Federal Sentencing Reporter that the Sentencing Commission Should fulfill it's Statutory obligation to make Recommendations regarding Correctional Resources or Programs. He Told Walter Pavlo, that "The BOP has failed to adequately implement Critical legislation to improve th Conditions of people in prison and Yet the BOP hasn't Acted. Even after following an Eight Month investigation last year that Revealed Rampant Sexual Abuse by BOP employee's of Prisoners, Sen Jon Ossoff (D-GA) introduced the Federal Prison Oversight Act (S.4988). The Bill, which Would have Required th DOJ inspector General to Conduct inspections of th BOP's 122 facilities, and Provide Recommendations to problems and assign each facility a Risk Score, Had No chance of Passage in the Waning days of the 117th Congress. But in April Ossoff, introduced a Revised FPOA (S 1401) With Rep. Lucy McBath (D-GA) Filing a Companion Bill in the House (HR 3109). The New FPOA Would have, among other actions, Provided a hotline for prisoners to Report Misconduct, Since the BOP Refused to Provide it themselves or implement it for there inmate Prisoners, as it's Necessary to Prevent Sexual Abuse, Sexual Harassment, Sexual Misconduct, etc. instead, Mobley was forced into

16

Solitary Confinement for Nearly 8 months.
Thats 8 months of No Seperation, No PREA, No
Phone calls, No visits, No Commissary, No liberty,
Retaliation, etc, when Mobley has done Nothing
Wrong. The Courts Must not let this go unchecked,
as Mobley is Surely deserving of Remedy and or
Release, and Though this Tort Action Justice
Will be served, as well as Remedy Provided.

Respectfully

[signature]