# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**KENNETH MOBLEY**  **PLAINTIFF**
Reg #32493-509

v.  No. 2:24-cv-00029-LPR

**CHAD GARRETT**, *et al.*  **DEFENDANTS**

## ORDER

The Court has received a Recommended Disposition (RD) from United States Magistrate Judge Edie R. Ervin (Doc. 98). No objections have been filed, and the time to do so has expired.[1] After a *de novo* review of the RD, along with careful consideration of the entire case record, the Court hereby approves and adopts the RD as its findings and conclusions in all respects.

Accordingly, Defendants' Motion for Summary Judgment (Doc. 69) is GRANTED. Plaintiff's claims are DISMISSED without prejudice for failure to exhaust administrative remedies. The Clerk is directed to (1) send to Plaintiff a file-marked copy of the RD (Doc. 98), and (2) close this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.[2]

---

[1] After the RD was entered, Plaintiff filed a Motion for Copies (Doc. 99) and a Motion for Tolling Consideration (Doc. 100). In these Motions, Plaintiff appears to be seeking additional time to respond to the RD because prison staff interfered with his mail and denied him access to legal materials. Plaintiff's request for more time is denied. Out of an abundance of caution, however, the Court will direct the Clerk of the Court to mail Plaintiff another copy of the RD. Following the entry of today's Order of Dismissal and corresponding Judgment, the Court will give Plaintiff 30 days in which to file a Motion to Reopen this case based on any legal errors in the RD. The Court will then reconsider *de novo* any part of the RD that is properly objected to and determine whether this case should be reopened.

To the extent Plaintiff's Motion for Tolling Consideration brings new allegations surrounding an access-to-the-courts claim arising after the events at issue in Plaintiff's operative pleadings, the Court notes that Plaintiff is free to bring a new case concerning these new allegations if he believes he can sufficiently allege a viable claim.

[2] Defendants are also correct that, to the extent any Defendants are being sued in their official capacities, sovereign immunity deprives the Court of jurisdiction over such claims.

IT IS SO ORDERED this 25th day of September 2025.

                                                                _____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE